UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BROADBANDONE, INC. d/b/a
Host.net,

    Plaintiff,

vs.

HOST.NET, INC. and RICHARD MALONE,

    Defendants.

_____

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, BroadbandOne, Inc. d/b/a Host.net ("Host.net"), sues Defendants, Host.net, Inc. ("HNI") and Richard Malone ("Malone"), and states:

### Parties

1.    Host.net, initially founded in 1996 and incorporated in 2001, is a multi-national provider of network infrastructure services focusing on colocation, cloud computing and storage, and network transport and transit for education, finance, government, healthcare and other enterprise organizations, as well as wholesale and carrier clients ("Network Infrastructure Services"). Based in South Florida, it serves customers in most major metropolitan regions of North America, as well as portions of Europe.

2.    HNI is a Florida corporation created on or about December 11, 2011, by Richard Malone, who acts as its president. Upon its inception, it began to offer the same, or similar services as Host.net.

3.    Malone is an individual residing in Broward County, Florida, and is *sui juris*.

1

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because they are so closely related to the federal claims that they form a single case or controversy.

5.     Defendants are subject to personal jurisdiction in this Court pursuant to Florida Statutes section 48.193(1)(a), (b) and (2), because: (1) Defendants have carried on business activities within Florida, including the marketing of services to consumers in Florida; (2) Defendants have committed a tortious act that was designed to and did cause injury in Florida; and (3) Defendants are engaged in substantial and not isolated activity within this state.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district, and a substantial part of the events or omissions giving rise to this action occurred herein.

## General Allegations

7.     Host.net has been continuously providing its computer network related services since at least 2001. While Host.net is based out of South Florida, the services it provides are marketed nationwide.

8.     Host.net first registered the fictitious name "Host.net, Inc." with the Florida Secretary of State on or about November 19, 2002. It most recently renewed this registration on or about February 8, 2007, and said registration remains active.

9.     Host.net first registered the fictitious name "Host.net" with the Florida Secretary of State on or about July 17, 2003. It most recently renewed this registration on or about December 30, 2008, and said registration remains active.

TOBIN & REYES, P.A. • THE PLAZA - SUITE 204 • 5355 TOWN CENTER ROAD • BOCA RATON, FLORIDA • 33486

10. Host.net has continuously used the "Host.net" mark since at least 2003. Host.net continuously used the mark for over nine years prior to HNI.

11. Prior to acting as the president of HNI, Malone was the president of AIS Digital, Inc. ("AIS").

12. AIS was a customer of Host.net until its Service Agreement was terminated on or about October 22, 2011 due to Malone's and AIS's violation of the applicable Service Agreement. Malone became hostile towards Host.net arising out of the circumstances surrounding the termination of AIS's Service Agreement with Host.net.

13. Less than a month following the termination of AIS's Service Agreement, Malone incorporated HNI.

14. Then, on or about May 11, 2012, and nearly ten years after Host.net's initial registration of "Host.net, Inc.," and nearly nine years after Host.net's initial registration of "Host.net," Malone, acting on behalf of HNI, filed an application for registration of the identical fictitious name of "Host.net."

15. All of HNI's conduct was caused and undertaken by Malone personally.

16. Host.net's success depends largely on its reputation as a cutting-edge, established and efficient business with longstanding presence in South Florida. Its growth is a result of long term efforts and symbiotic relationships amongst corporations and entities it acquired over the years which held significant goodwill and a strong reputation within the community.

17. Host.net's presence on the internet is secured through its registration and use of the domain name www.host.net. Host.net's fictitious name of "Host.net" is derived from this long-held domain name.

TOBIN & REYES, P.A. • THE PLAZA - SUITE 204 • 5355 TOWN CENTER ROAD • BOCA RATON, FLORIDA • 33486

18.     To arrive at Host.net's website, an internet user would enter Host.net's mark in the uniform research locator ("URL") address line of the internet browser, or select Host.net's website after running a key word search. Thus, an internet user that enters the domain name www.host.net in the URL address line of the internet browser will be brought directly to Host.net's website.

19.     Trading on Host.net's goodwill and the secondary meaning associated with the mark "Host.net," Defendant registered the domain name of www.hostfl.net with the specific intent of siphoning off Host.net's customers by confusing them into believing that it is the same entity as, or is somehow affiliated with, Host.net. Defendants are brazenly trading on Host.net's established business reputation by registering a domain name that is almost identical to Host.net's domain name.

20.     Defendants' parasitic conduct is further evidenced by the fact that it registered the identical fictitious name of Host.net on May 11, 2012, and nearly nine years after Host.net registered the identical name.

21.     Defendants have further undertaken an effort to join and be advertised as a member of the South Florida Technology Alliance ("SFTA") using the name and mark of "Host.net." Defendants have even admitted the confusion arising from their use of the name "Host.net" in correspondence to the SFTA dated May 21, 2012, a copy of which is attached hereto as **Exhibit "A."**

22.     On account of Host.net's substantially continuous and exclusive use of the mark "Host.net," this mark has obtained a secondary meaning as a reliable and well established South Florida based source of Network Infrastructure Services specifically provided by Host.net.

TOBIN & REYES, P.A. • THE PLAZA - SUITE 204 • 5355 TOWN CENTER ROAD • BOCA RATON, FLORIDA • 33486

23. Host.net has developed common law rights with respect to its mark, "Host.net," all of which are used in interstate commerce.

24. Host.net has the exclusive right to decide whether to allow third parties to make use of its mark, "Host.net," and it has not agreed to allow the Defendants to use its mark.

25. Upon learning of Defendants' offending conduct, on or about May 21, 2012, Host, through counsel, contacted Defendants about their infringing conduct, demanding that they cease such conduct. A copy of Host.net's demand letter is attached hereto as **Exhibit "B."**

26. Defendants refused to cease and desist, and a copy of their response letter is attached hereto as **Exhibit "C."**

### Count I - Federal Unfair Competition and False Designation of Origin
### (15 U.S.C. § 1125(a))

27. Host.net incorporates and re-alleges the allegations in paragraphs 1 through 26 above.

28. Host.net has valid rights to the mark "Host.net" and is entitled to protection under the Lanham Act.

29. Defendants' use of the domain www.hostfl.net, use of the corporate name "Host.net, Inc.," and use of the mark "Host.net" constitute a false and misleading description or representation of fact concerning the source or provider of services. Defendants' use of said domain name, corporate name, and mark cause, or is likely to cause, confusion among consumers as to the origin of the services.

30. Defendants' use of the aforesaid corporate name, domain name and mark is intended to mislead and, indeed, is likely to mislead consumers into believing that HNI is the same entity or, at the very least, that it is somehow affiliated with Host.net.

31.     Defendants' conduct constitutes unfair competition and a false designation of origin and a false or misleading description or representation of fact in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and Host.net has been, and continues to be, injured by this conduct.

WHEREFORE, Plaintiff, BroadbandOne, Inc. d/b/a Host.net, seeks damages against Defendants, Host.Net, Inc. and Richard Malone, including interest, attorneys' fees, costs, preliminary and permanent injunctive relief, together with such other and further relief as this Court deems just and proper.

### Count II - Federal Cyberpiracy (15 U.S.C. § 1125(d))

32.     Host.net incorporates and re-alleges the allegations in paragraphs 1 through 26 above.

33.     Host.net holds a valid right to the mark "Host.net" and is entitled to protection under the Lanham Act.

34.     Host.net's mark is distinctive within the meaning of the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C.§ 1125(d).

35.     Defendants are willfully and in bad faith attempting to profit from Host.net's protected mark by using a domain name that is identical or confusingly similar, as well as a fictitious name that is identical to that utilized by Host.

36.     Defendants' willful conduct constitutes cyberpiracy in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and Host has been, and continues to be, injured by this conduct.

WHEREFORE, Plaintiff, BroadbandOne, Inc. d/b/a Host.net, seeks damages against Defendants, Host.net, Inc. and Richard Malone, including, without limitation, minimum statutory

damages, actual damages, interest, attorneys' fees, costs, preliminary and permanent injunctive relief, together with such other and further relief as this Court deems just and proper.

### Count III - Florida Common Law Unfair Competition

37. Host.net incorporates and re-alleges the allegations in paragraphs 1 through 26 above.

38. Host.net adopted its mark and domain name as a means of establishing goodwill and to distinguish its Network Infrastructure Services from other similar services. Host.net's mark has, over time, acquired a secondary meaning in the network infrastructure industry, identifying Host.net as a South Florida based source of high quality services and cutting-edge networking infrastructure technology.

39. Defendants have intentionally used, and are continuing to use, the widespread consumer recognition of Host.net's mark to advertise its own services. Defendants intend to create a mistaken belief among consumers that Host.net and Defendant, HNI, are one and the same entity, or at least there exists an association between the two, as an unfair and unlawful means of increasing Defendants' own sales volume at the expense of Host.net.

40. The conduct by Defendants deliberately confuses, and is likely to confuse, consumers into believing that Host.net and HNI are the same entity, or at the very least, the two are somehow affiliated.

41. Defendants' conduct constitutes unfair competition under Florida common law and Host.net has been, and continues to be, injured by this conduct.

WHEREFORE, Plaintiff, BroadbandOne, Inc. d/b/a Host.net, seeks damages against Defendants, Host.net, Inc. and Richard Malone, including interest, attorneys' fees, costs,

preliminary and permanent injunctive relief, together with such other and further relief as this Court deems just and proper.

**Count IV - Unfair and Deceptive Trade Practices Act (§ 501.201, Florida Statutes)**

47. Host.net incorporates and re-alleges the allegations in paragraphs 1 through 26 above.

48. Host.net adopted its mark and domain name as a means of establishing goodwill and to distinguish its serves from other similar services. Host.net's mark has, over time, acquired a secondary meaning in the network infrastructure industry, identifying Host.net as a South Florida based source of high quality services and cutting-edge Network Infrastructure Services.

49. Defendants have intentionally used, and are continuing to use, the widespread consumer recognition of Host.net's mark to advertise its own services. Defendants intend to create a mistaken belief among consumers that Host.net and Defendant, HNI, are one and the same entity, or at least there exists an association between the two, as an unfair and unlawful means of increasing Defendants' own sales volume at the expense of Host.net.

50. The conduct by Defendants deliberately confuses, and is likely to confuse, consumers into believing that Host.net and HNI are the same entity, or at the very least, the two are somehow affiliated.

51. Defendants' conduct constitutes a deceptive and unfair trade practice under Florida law and Host.net has been, and continues to be, damaged by this conduct.

WHEREFORE, Plaintiff, BroadbandOne, Inc. d/b/a Host.net, seeks damages against Defendants, Host.net, Inc. and Richard Malone, including interest, attorneys' fees, costs,

preliminary and permanent injunctive relief, together with such other and further relief as this Court deems just and proper.

Dated: June 5, 2012.

                TOBIN & REYES, P.A.
                Attorneys for Plaintiff
                The Plaza - Suite 204
                5355 Town Center Road
                Boca Raton, Florida 33486
                Phone: (561) 620-0656
                Fax:   (561) 620-0657

BY _____
                Ricardo A. Reyes
                Florida Bar No. 864056
                Brett J. Horowitz
                Florida Bar No. 494860

S:\A C\Litigation\Broadbandone\Host.net, Inc\complaint.doc